UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br><br>CHRISTOPHER PATRICK BOYD<br><br>Debtor | Case No. 22-12455 TBM<br><br>Chapter 13 |
| HEMP RECOVERY COMPANY, LLC<br><br>Plaintiff<br><br>v.<br><br>CHRISTOPHER PATRICK BOYD<br><br>Defendant | Adv Case No. 22-01258 TBM |

**ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(4) and (a)(6)**

**COMES NOW** Christopher Boyd ("Defendant"), by and through his undersigned attorneys, and hereby responds to Complaint Objecting to Non-Dischargeability of Christopher P. Boyd's Debt to Hemp Recovery Company Pursuant to 11 U.S.C. § 523(A)(2)(A), filed by Hemp Recovery Company, LLC ("Plaintiff"), and as grounds therefore states as follows:

1. Defendant admits the allegations contained in Paragraph 1.

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant admits the allegations contained in Paragraph 3.

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant is without knowledge or information as to Plaintiff's intentions as alleged in Paragraph 5 and therefore denies same.

6. Defendant is without knowledge or information as to Plaintiff's intentions as alleged in Paragraph 6 and therefore denies same. Upon information and belief, Plaintiff was already developing, marketing and selling CBD-based products prior to any involvement with Defendant.

7. Defendant denies the allegations contained in Paragraph 7.

8. Defendant denies the allegations contained in Paragraph 8. Debtor admits there were discussions, but a formal agreement was never reached and documentation memorializing the discussions never resulted in a signed agreement.

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant is without knowledge as to the allegations contained in Paragraph 21 and therefore denies same.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant admits the allegations contained in Paragraph 24.

25. Defendant admits the allegations contained in Paragraph 25 insofar as a lawsuit was initiated. Defendant denies the remaining allegations in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Paragraph 28 recites a quote from a District Court Order which speaks for itself.

29. Paragraph 29 recites a quote from a District Court Order which speaks for itself.

30. Defendant admits the allegations contained in Paragraph 30 insofar as judgment entered.

31. Defendant admits the allegations contained in Paragraph 31.

32. Defendant admits the allegations contained in Paragraph 32.

33. Defendant admits the allegations contained in Paragraph 33.

34. Paragraph 34 recites a statute which speaks for itself.

35. Paragraph 35 does not call for a response.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Paragraph 38 recites a statute which speaks for itself.

39. Defendant denies the allegations contained in Paragraph 39.

40. Paragraph 40 does not call for a response.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

43. Paragraph 43 recites a statute which speaks for itself.

44. Defendant denies the allegations contained in Paragraph 44.

45. Paragraph 45 does not call for a response.

46. Defendant denies the allegations contained in Paragraph 46.

47. Defendant denies the allegations contained in Paragraph 47.

48. Paragraph 48 recites caselaw which speaks for itself.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant raises the following affirmative defenses: unclean hands/*in pari delicto*, failure to state a claim for which relief may be granted, equitable estoppel, failure to mitigate and failure of consideration.

**WHEREFORE,** Defendant prays the Court deny the relief requested in the Complaint, for an Order of attorney's fees for the costs in defending this action, and for any other relief this court deems just and fair.

Respectfully submitted January 11, 2023.

                                               */s/ Sean Cloyes*
                                               Sean Cloyes #33381
                                               Stephen E. Berken #14926
                                               Berken Cloyes PC
                                               1159 Delaware Street
                                               Denver, Colorado 80204
                                               Tel.: (303) 623-4357
                                               sean@berkencloyes.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 11, 2023, I served by the CM/ECF system, pre-paid first-class mail and/or other acceptable means (i.e. via hand delivery or electronic means), a copy of the foregoing Answer **o**n the following:

Werge Law Group
1627 Vine Street, Suite 200
Denver, CO 80206

Adam M. Goodman
Standing Chapter 13 Trustee
P.O. Box 1169
Denver, CO 80201-1169

Christopher Boyd
1545 Skimmer St
Berthoud, CO 80513

                                         By: */s/ Sean Cloyes*