# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>CHRISTOPHER P. BOYD,<br><br>Debtor.<br><br>―――――――――――――――――<br><br>HEMP RECOVERY COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER P. BOYD,<br><br>Defendant. | Bankruptcy Case No. 22-12455 TBM<br>Chapter 13<br><br><br><br><br><br>Adv. Pro. No. 22-1258 TBM |

## ORDER SETTING CONTINUED PRETRIAL SCHEDULING CONFERENCE

THIS MATTER comes before the Court on the Unopposed Motion to Continue Scheduling Conference and Discovery Deadlines (Docket No. 14, the "Motion") filed by Hemp Recovery Company, LLC (the "Plaintiff") on January 26, 2023. The Court, having reviewed the Docket and having determined that a Pretrial Scheduling Conference may assist in expeditious and economical adjudication of this Adversary Proceeding hereby

ORDERS that the Motion is GRANTED and FURTHER ORDERS as follows:

1. <u>Scheduling Conference</u>.  Pursuant to Fed. R. Civ. P. 16 and Fed. R. Bankr. P. 7016, a Pretrial Scheduling Conference (the "Scheduling Conference") is continued from Wednesday, February 15, 2023 to **Tuesday, March 21, 2023, at 10:00 a.m. in Courtroom E**, on a trailing docket, **United States Bankruptcy Court, U.S. Custom House, 721 19th Street, Denver, Colorado 80202**. <u>Parties and/or counsel may appear in-person or telephonically</u>.

If counsel and/or parties elect to appear in person, all in-person participants shall comply with the "Administrative Order of the Chief Judge 2023-2" and the Entry and Operational Protocols set forth therein as located on the Court's website (https://www.cob.uscourts.gov/sites/default/files/general-orders/ao2023-2.pdf).

If counsel and/or parties elect to participate by telephone, all telephonic participants shall call the Court at: 1-833-568-8864 or 1-833-435-1820 <u>at least five (5) minutes prior</u> to the time of the scheduled hearing. Enter the Meeting ID: 160 248 1883,

press # when prompted to enter participant ID. The Court strongly recommends use of a land line if appearing by phone. Please stay on the line until the Court operator takes the roll call and the hearing begins. The Court will not contact parties by telephone. If a party has not called in to the conference line or is not present in Court, it will be deemed a failure to appear. Failure to connect to the conference call line in a timely manner may preclude your participation in the hearing. In the event you are otherwise unable to connect after following the instructions provided above, please call the Team of the undersigned Judge at 720-904-7463 and leave a name, case number and a telephone number where you can be reached and the Court will return the call.

2. <u>Topics for Scheduling Conference</u>. At the Scheduling Conference, **the parties shall be prepared to discuss all aspects of this Adversary Proceeding and the Joint Report** (described below) including, among other things:

   a. formulating and simplifying the issues, and eliminating frivolous claims and defenses;
   b. amending the pleadings if necessary or desirable;
   c. obtaining admissions and stipulations about facts;
   d. avoiding unnecessary proof and cumulative evidence;
   e. determining the appropriateness and timing of summary adjudication under Fed. R. Civ. P. 56;
   f. controlling and scheduling discovery;
   g. identifying witnesses and documents, scheduling the filing and exchange of any pretrial briefs, and setting dates for further conferences and for trial;
   h. settling this Adversary Proceeding and using special procedures for managing potentially difficult or complex issues;
   i. disposing of pending motions;
   j. finalizing the content of the Scheduling Order; and
   k. facilitating in other ways the just, speedy, and inexpensive disposition of this Adversary Proceeding;

*See* Fed. R. Civ. P. 16(c)(2).

3. <u>Fed. R. Civ. P. 26(f) Meeting</u>. In Order to prepare for the Scheduling Conference, and pursuant to Fed. R. Civ. P. 26(f), Fed. R. Bankr. P. 7026, and L.B.R. 7026-1, the parties shall, on or before **March 9, 2023**, meet and confer (the "Fed. R. Civ. P. 26(f) Meeting"). The Court encourages the parties to meet in person; but, alternatively, the parties may conduct the Fed. R. Civ. P. 26(f) Meeting by telephone conference. During the Fed. R. Civ. P. 26(f) Meeting, the parties shall consider and discuss, at least:

   a. the nature and basis of their claims and defenses;
   b. the possibilities for promptly settling or resolving the Adversary Proceeding;
   c. the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A);
   d. the preservation any discoverable information;

  e. the development of a proposed discovery plan and proposed pre-trial deadlines to be incorporated into a Joint Report (as set forth in Paragraph 5 below);

  f. whether, under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), *Executive Benefits Ins. Agency v. Arkison (In re Bellingham)*, 573 U.S. 25 (2014), and/or *Wellness Int'l Network Ltd., v. Sharif*, 575 U.S. 665, (2015), the Bankruptcy Court lacks authority to enter final judgments with respect to some or all of the claims asserted in this matter and, if so, whether the Parties consent to the Bankruptcy Court entering final judgment; and

  g. the Topics for the Scheduling Conference (listed in Paragraph 2 above).

*See* Fed. R. Civ. P. 26(f)(2).

  4. <u>Fed. R. Civ. P. 26(a)(1)(A) Disclosures and Commencement of Discovery</u>. Pursuant to Fed. R. Civ. P. 26(a)(1)(A), and Fed. R. Bankr. P. 7026, the parties shall make all initial disclosures **at or within 14 days after the Fed. R. Civ. P. 26(f) Meeting**, unless a different time is permitted under Fed. R. Civ. P. 26(a)(1)(C). Pursuant to Fed. R. Civ. P. 26(d)(1), the parties may commence discovery immediately after their Fed. R. Civ. P. 26(f) Meeting is concluded.

  5. <u>Submission of Joint Report</u>. Pursuant to Fed. R. Civ. P. 26(f), Fed. R. Bankr. P. 7026, and L.B.R. 7026-1, the parties shall develop a proposed discovery plan and proposed pretrial deadlines which shall be incorporated into a written Joint Report (the "Joint Report") to be filed with the Court **on or before March 16, 2023**. The proposed discovery plan contained in the Joint Report shall state the parties' views and proposals on at least the following:

  a. what changes should be made, if any, in the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a)(1)(A), including a statement when initial disclosures were made;

  b. the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

  c. any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

  d. any issues about claims of privilege or confidentiality;

  e. what changes should be made, if any, in the presumptive limitations on discovery imposed by Fed. R. Civ. P. 26(b) and L.B.R. 7026-2; and

  f. any other orders that the court should issue under Fed. R. Civ. P. 26(c) or under Fed. R. Civ. P. 16(b) and (c).

*See* Fed. R. Civ. P. 26(f)(3). In addition, the Joint Report shall contain proposed pretrial and trial deadlines. **<u>The Joint Report shall be submitted in the form attached hereto</u>. If a party makes a good-faith effort to confer, but is unable to do so, that party**

**should file its own report. Failure of either party to confer and/or file a report could result in the imposition of an appropriate sanction.**

6. <u>Application of Special Provisions Regarding Limited and Simplified Discovery</u>. Unless otherwise ordered by the Court in the Scheduling Order, the limitations on discovery contained in L.B.R. 7026-2 shall govern this Adversary Proceeding. If any party wishes to depart from the limitations on discovery contained in L.B.R. 7026-2, such party shall explain the basis for such departure and the need for additional discovery in the Joint Report.

7. <u>Potential Referral to Mediation</u>. Pursuant to L.B.R. 9019-2, the Court may refer this matter to mediation *sua sponte*, upon written stipulation by the parties, or upon motion by a party. The parties are encouraged to seek alternative dispute resolution during the course of this case.

8. <u>Failure to Comply</u>. Failure of the parties, or a party, to comply with, or otherwise respond to, this Order, or to appear at the Scheduling Conference, may result in the imposition of sanctions, dismissal of this Adversary Proceeding, or entry of judgment, if warranted and appropriate.

DATED this 27th day of January, 2023.

BY THE COURT:

*Thomas B. McNamara*
Thomas B. McNamara
United States Bankruptcy Judge