# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>CHRISTOPHER P. BOYD,<br><br>Debtor. | Bankruptcy Case No. 22-12455-TBM<br>Chapter 13 |
| HEMP RECOVERY COMPANY, LLC.<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER P. BOYD,<br><br>Defendant. | Adv. Pro. No. 22-1258-TBM |

**JOINT REPORT PURSUANT TO FED.R.CIV.P. 26(f) (FED.R.BANKR.P. 7026)**

Hemp Recovery Company, LLC and Christopher P. Boyd, each through counsel, respectfully submit their Joint Report Pursuant to Fed.R.Civ.P. 26(f) (Fed.R.Bankr.P. 7026), and state as follows:

### Fed. R. Civ. P. 26(f) Meeting

1. <u>Fed. R. Civ. P. 26(f) Meeting.</u>

The Parties conducted their Fed. R. Civ. P. 26(f) meeting on March 9, 2023, and discussed the topics required by Fed. R. Civ. P. 26(f)(2).

### Proposed Discovery Plan

2. <u>Fed. R. Civ. P. 26(a)(1)(A) Disclosures.</u>

The Parties intend to make their Fed. R. Civ. P. 26(a)(1)(A) initial disclosures no later than March 23, 2023, which is within 14 days of the Parties' Rule 26(f) Meeting.

3. <u>Topics of Discovery</u>.

Discovery is necessary on all claims and affirmative defenses related to the dischargeability or nondischargeability of the subject judgment debt in this Adversary Proceeding.

4. <u>Discovery Limitations</u>.

The Parties will comply with the discovery limitations contained in Fed. R. Civ. P. 26(b)(2), 30 and 33, and L.B.R. 7026-1(b) and 7026-2(b), (c) and (d).

5. <u>Electronically Stored Information and Complex Discovery Issues</u>.

The Parties discussed whether this Proceeding will require extensive discovery of electronically stored information and/or present other complex discovery issues, including privilege or confidentiality. The Parties do not believe that such issues are presented in this Proceeding at this stage.

6. <u>Other Discovery Issues</u>.

At this point in the proceeding, the Parties are unaware of any unusual discovery issues that may require special attention.

7. <u>Deadline for Expert Disclosures</u>.

Defendant may endorse one expert witness. Plaintiff does not anticipate the need for an expert witness as part of its case in chief, but will endorse rebuttal experts as needed.

8. <u>Deadline for Fact Discovery</u>.

All fact discovery must be completed by September 1, 2023. "Completed" means that all depositions are concluded and that responses to written discovery are due on or before the discovery completion date.

9. <u>Duty to Supplement-Sanctions</u>.

All disclosures and responses to discovery shall be timely supplemented pursuant to Fed. R. Civ. P. 26(e). Failure to timely disclose, or to provide incomplete, false, or misleading disclosures, may result in Fed. R. Civ. P. 37(c) sanctions.

**Proposed Schedule for Non-Discovery Matters**

10. <u>Amended Pleadings and Joinder Deadline</u>.

Motions to amend or supplement pleadings or to join additional parties must be filed by May 1, 2023. This deadline pertains to timing only; Parties must comply with Fed. R. Civ. P. 15(a).

11. <u>Dispositive Motions Deadline</u>.

Dispositive motions, if any, must be filed by October 13, 2023. All motions for summary judgment shall comply with L.B.R. 7056-1.

12. <u>Pretrial Conference</u>.

The Parties request a final Pretrial Conference.

13. <u>Trial</u>.

The Parties agree that this Proceeding will be ready for trial on or after November 13, 2023. The Parties anticipate that the trial will take 1 - 2 days.

14. <u>Alternative Dispute Resolution</u>.

The Parties do not request referral to mediation or other alternative dispute resolution at this time, although the Parties are open to considering settlement via mediation or otherwise. The Parties will continue to confer on the issue as warranted.

15. <u>Jurisdiction and Consent</u>.

Plaintiff asserts that this Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334(a) and (b). Defendant does not contest the Court's jurisdiction over this adversary proceeding.

Under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), *Executive Benefits Ins. Agency v. Arkinson (In re Bellingham)*, 134 S. Ct. 2165 (2014), and/or *Wellness Int'l Network Ltd., v. Sharif*, 135 S. Ct. 1932 (2023), the Parties agree that the Bankruptcy Court has authority to enter final order or judgment with respect to the claims asserted in this Proceeding.

DATED this 9th day of March 2023.

Respectfully submitted:

| | |
|---|---|
| **BERKEN CLOYES, P.C.** | **BUECHLER LAW OFFICE, LLC** |
| */s/ Sean Cloyes (with permission)* | */s/ Michael C. Lamb* |
| Sean Cloyes, #33381 | K. Jamie Buechler, #30906 |
| Stephen E. Berken, #14926 | Michael C. Lamb, #33295 |
| 1159 Delaware Street | 999 18th Street, Suite 1230-S |
| Denver, Colorado 80204 | Denver, CO 80202 |
| Tel: (303) 623-4357 | 720-381-0045 |
| sean@berkencloyes.com | jamie@kjblawoffice.com |
| *Attorneys for Christopher P. Boyd* | mcl@kjblawoffice.com |
| | *Attorneys for Hemp Recovery Company, LLC* |

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 9, 2023, I served by electronic transmission, prepaid first-class mail [or (other acceptable means, i.e. via hand delivery] a copy of the **JOINT REPORT PURSUANT TO FED.R.CIV.P. 26(f) (FED.R.BANKR.P. 7026)** on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

**Via U.S. Mail and/or Email**:

Christopher Patrick Boyd
1545 Skimmer St.
Berthoud, CO 80513

**Via: CM/ECF:**

Sean Cloyes
Stephen E. Berken


                                         */s/ Gabriel Quintero*
                                         For Buechler Law Office, LLC