UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>CHRISTOPHER P. BOYD,<br><br>Debtor.<br>――――――――――――――――<br>HEMP RECOVERY COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER P. BOYD,<br><br>Defendant. | Bankruptcy Case No. 22-12455 TBM<br>Chapter 13<br><br><br><br><br>Adv. Pro. No. 22-1258 TBM |

───────────────────────────────────────────

**SCHEDULING ORDER UNDER FED. R. CIV. P. 16(b) AND FED. R. BANKR. P. 7016**

───────────────────────────────────────────

THIS MATTER comes before the Court on the "Order Setting Continued Pretrial Scheduling Conference" (Docket No. 15), the "Joint Report Pursuant to Fed. R. Civ. P. 26(f) (Fed. R. Bankr. P. 7026)" submitted jointly by the parties (Docket No. 17), and the Scheduling Conference conducted in this Court on March 21, 2023. The Court, having reviewed the Docket and being advised in the status of this matter,

ORDERS that the parties shall adhere to the following plan and deadlines for this Adversary Proceeding:

**Discovery Plan and Deadlines**

1. General Scope of Discovery

Effective December 1, 2015, significant changes were made to the scope of discovery under the Federal Rules of Civil Procedure. Among other things, Fed. R. Civ. P. 26(b)(1), as incorporated by Fed. R. Bankr. P. 7026, was modified to provide as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount

> in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Counsel should note that the phrase "reasonably calculated to lead to the discovery of admissible evidence" has been deleted. All counsel are advised to carefully tailor discovery consistent with the new Fed. R. Civ. P. 26(b)(1). Additionally, the Court will construe, administer and employ all discovery rules to "secure the just, speedy and inexpensive determination of every case and proceeding." Fed. R. Civ. P. 1; Fed. R. Bankr. P. 1001.

2. Fed. R. Civ. P. 26(a)(1)(A) Disclosures.

If not previously made, Fed. R. Civ. P. 26(a)(1)(A) initial disclosures shall be made by **March 23, 2023**.

3. Discovery Limitations.

The parties will comply with the discovery limitations contained in Fed. R. Civ. P. 26(b)(2), 30 and 33, and L.B.R. 7026-1(b) and 7026-2(b), (c) and (d).

4. Deadline for Expert Disclosures.

Neither party indicated a firm intention to call an expert witness at trial. The Debtor/Defendant, however, requested that the Court set a deadline for expert disclosures. The Parties shall be limited to a total of 2 expert witnesses per side. Parties must designate any expert pursuant to Fed. R. Civ. P. 26(a)(2)(A) on or before **May 17, 2023**. Disclosures and written reports required by Fed. R. Civ. P. 26(a)(2)(B) must be made and exchanged on or before **May 17, 2023**. Designation of counter or rebuttal experts, if any, intended solely to contradict or rebut evidence on the same subject matter identified by another party under Fed. R. Civ. P. 26(a)(2)(B) must be made on or before **May 31, 2023**. Disclosures and written reports for such rebuttal or counter experts must be made and exchanged on or before **May 31, 2023**.

5. Deadline for Fact and Expert Discovery.

All fact and expert discovery must be completed by **June 21, 2023**. "Completed" means that all depositions are concluded and that responses to written discovery are due on or before the discovery completion date.

6. Duty to Supplement-Sanctions.

All disclosures and responses to discovery shall be timely supplemented pursuant to Fed. R. Civ. P. 26(e). Failure to timely disclose, or to provide incomplete, false or misleading disclosures, may result in Fed. R. Civ. P. 37(c) sanctions.

**Adversary Proceeding Schedule for Non-Discovery Matters**

    7.    <u>Amended Pleadings and Joinder Deadline</u>.

Motions to amend or supplement pleadings or to join additional parties must be filed by **April 7, 2023.** This deadline pertains to timing only, parties must comply with Fed. R. Civ. P. 15(a).

    8.    <u>Dispositive Motions</u>.

Dispositive motions, if any, must be filed by **June 21, 2023**. All motions for summary judgment shall comply with L.B.R. 7056-1. The Court cautions the Parties that if either side intends to file a dispositive motion, that Party should do so earlier in the case rather than later. If such a Motion were filed at or near the dispositive motion deadline, the Court might be unable to consider it in advance of the trial. If that were to occur, the Court would use such submissions as trial briefs.

    9.    <u>Witnesses and Exhibits</u>.

The disclosures required by Fed. R. Civ. P. 26(a)(3) must be made in writing on or before **July 21, 2023**. Exhibits must be marked for identification **(Plaintiff shall mark exhibits with numbers and Defendant shall mark exhibits with letters)** and exchanged at the time the disclosures are made. All exhibits must be marked with page numbers. In addition to exchanging pre-marked exhibits, counsel or the parties themselves, if not represented by counsel, shall prepare a list of exhibits and a list of witnesses to be called at trial, in substantial conformity with L.B.F. 9070-1.1, and shall file only their lists with the Court, on or before **July 21, 2023. Written objections directed to the exhibits must be filed and served on counsel for the opposing party or any party not represented by counsel on or before August 4, 2023, otherwise all objections except as to relevancy are waived.** The Court strongly encourages the parties to observe and comply with the disclosure deadlines. A party's failure to disclose witnesses or to disclose and exchange exhibits in a timely manner may result in that party's being prohibited from calling the undisclosed witness or introducing the undisclosed exhibits at the Trial.

    10.    <u>Electronic Presentation of Evidence</u>

The United States Bankruptcy Court for the District of Colorado has installed an electronic evidence presentation system in Courtroom E. The evidence presentation system allows for the display of evidence on various monitors located at the bench, the witness stand, the lectern and the counsel tables. Pursuant to L.B.R. 9070-1, Attorneys wishing to use the Electronic Evidence Presentation System in the Courtrooms **must** comply with current courtroom technology procedures, available on our website at https://www.cob.uscourts.gov/courtroom-technology. Counsel must familiarize themselves with the electronic presentation system in advance. Practice sessions and testing of the equipment, if requested by counsel, must occur prior to the day of a scheduled court appearance, as the courtroom may not be available and court staff will not be available for that purpose on the day of the proceeding. **The Court encourages the use of the electronic evidence presentation system.** On the date of the Trial,

parties utilizing the electronic evidence presentation system shall provide a thumb-drive to the Court of all exhibits in addition to the requirements for paper exhibits set forth below.

11. <u>Stipulation Regarding the Admissibility of Exhibits</u>.

The parties shall confer and prepare a list of exhibits which both parties agree are admissible at Trial. The Stipulation of Exhibits shall be filed with the Court on or before **August 6, 2023.**

12. <u>Pretrial Statement</u>.

On or before **August 6, 2023**, the parties, through counsel, if applicable, may prepare and submit to the Court, a pretrial statement setting forth the following:

a. A brief summary of the claims and defenses of each party;

b. A concise statement of stipulated and uncontested facts;

c. A concise statement of the issues that are in dispute;

d. A brief statement of all points of law relied upon, citing pertinent statutes, standards, cases and other authority; and

e. If applicable, an itemization of damages with a description of the basis for the calculation.

If the parties are unable to reach an agreement as to any stipulated facts, a statement to that effect must be filed.

13. <u>Final Pretrial Conference</u>.

A final pretrial conference shall be held on **August 8, 2023, at 10:30 a.m.** in Courtroom E, U.S. Custom House, 721 19th Street, Denver, Colorado.  The Plaintiff and Defendant, individually, or a representative of the Plaintiff and Defendant, and their respective counsel may appear by telephone at the scheduled conference.  Counsel/parties shall dial either 1-833-568-8864 or 1-833-435-1820 immediately prior to the time of the scheduled hearing.  Enter the Meeting ID:  160 248 1883, press # when prompted to enter participant ID.  You will be connected into the Court's conference call line. The parties must have full and complete settlement authority to fully discuss and resolve disputed issues at that time.  The parties shall be prepared to discuss potential witnesses to be called and the nature of their testimony.

14. Trial.

The matter is set for a **two-day in person trial**[1] on the Court's trial docket commencing on **August 21, 2023 and continuing to August 22, 2023, at 9:00 a.m.**, in Courtroom E, U.S. Bankruptcy Court, U.S. Custom House, 721 19th Street, Denver, Colorado 80202. **This is a firm trial date.**

15. At the Commencement of the Trial:

   a. Witness List: Provide two (2) copies of the witness list to the Law Clerk/Courtroom Deputy and one (1) copy to each opposing counsel or party.

   b. Exhibit List: Provide two (2) copies of the list of exhibits you intend to offer to the Law Clerk/Courtroom Deputy and one (1) copy to each opposing counsel or party.

   c. Exhibits:

      (i) The parties shall comply with L.B.R. 9070-1 and provide two (2) copies of the pre-marked exhibits to the Law Clerk/Courtroom Deputy: one (1) copy is for the Court and one (1) copy is for the Law Clerk/Courtroom Deputy. The original exhibits are to be used by the witnesses.

      (ii) Exhibits should be placed in a binder and indexed in substantial conformity with L.B.F. 9070-1.1.

IT IS FURTHER ORDERED that the schedule established by this Order may be modified only for good cause and with the Court's consent. Failure to comply with this Order may result in imposition of appropriate sanctions pursuant to Fed. R. Bankr. P. 7016 and 7037 (Fed. R. Civ. P. 16 and 37).

DATED this 22nd day of March, 2023.

BY THE COURT:

_Thomas B. McNamara_
Thomas B. McNamara
United States Bankruptcy Judge

---

[1] If any party wishes for the Court to conduct the Trial other than in-person, on or before 14-days prior to the Trial, such party shall file a motion explaining the reason why the Trial should be conducted other than in-person and propose an alternative procedure (telephonic or Zoom hearing).