# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

### The Honorable Judge Thomas B. McNamara

| | |
|---|---|
| In re: ) | |
| ) | |
| CHRISTOPHER P. BOYD, ) | |
| ) | Case No. 22-12455-TBM |
| Debtor. ) | Chapter 13 |
| ) | |
| ) | |
| HEMP RECOVERY COMPANY, LLC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 22-01258-TBM |
| ) | |
| CHRISTOPHER P. BOYD. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Hemp Recovery, LLC ("HRC") through counsel, for its reply in support of its Motion for Summary Judgment (the "Motion"), states as follows:

### I. Introduction

Debtor Christopher P. Boyd's (the "Debtor") Response to Plaintiff's Motion for Summary Judgment and Memorandum in Support Thereof (the "Response") is an exercise in sleight of hand, obfuscation, and revisionist history. The Response is larded with irrelevant facts from the State Court Action[1], while simultaneously failing to dispute the material facts set forth in the Motion. The Debtor, moreover, raises specious legal arguments that representations made by the Debtor related to his financial condition. Finally, the Debtor engages in impermissible

---

[1] *Hemp Recovery Company, LLC v. Christopher P. Boyd, et al.*, District Court, City and Count of Denver, Colorado, Case No. 2019CV30498.

collateral attacks of the Judgment by asserting there was no evidence of justifiable reliance in the State Court's findings of fact and conclusions of law and that HRC's claims are barred by the doctrine of champerty.

As detailed herein, the Response fails to show there is a genuine issue of material fact or that HRC is not entitled to judgment as a matter of law. The Motion should be granted.

## II. Argument

### A. The State Court Found there was a Valid Processing Agreement.

In his first attempt at misdirection, the Debtor casts doubt on the existence of the processing agreement. For example, the Debtor asserts:

> The motion frequently mentions a *processing agreement,* yet nothing is attached as an exhibit. That is because the parties did not have a written agreement. The term *processing agreement* is a kind way of saying the parties talked. And what did they discuss?

*Response*, pg. 3 (italics in original). The Debtor further states:

> The 'processing agreement.' Apparently all verbal. To the extent there were verbal representations as to the ability to perform and the like, those are statements regarding 'financial condition' and, as such, inadmissible.

*Id.*, pg. 14.

After trial, the State Court, found as follows:

- In the summer of 2017, Adam Desmond ("Mr. Desmond") and his wife (collectively, the "Desmonds") were introduced to the Debtor and Mr. Alan Boyd. *Exhibit 2* to the Motion, at 164:24-25.

- The Desmonds, the Debtor, and Mr. Alan Boyd discussed entering two different ventures, including one in which the Debtor and Mr. Alan Boyd, through Foothills Ventures, would process the majority of DD Needl Rock Farms, LLC's ("NRF")[2] 2017 hemp crop into CBD oil. *Id.,* at 165:1:5.

---

[2] HRC is the assignee of NRF and Mr. Desmond's claims against the Debtor.

- In the course of the discussions, the Debtor represented to the Desmonds, among other things, that Foothills Ventures had the present capacity to extract/process NRF's hemp. *Id.*, at 166:3:7 and 172:17-21.

- *On or about August 19, 2017, Mr. Desmond, on behalf of NRF, and the Debtor and Mr. Alan Boyd, on behalf of Foothills Ventures, entered into a hemp processing agreement (the "Processing Agreement")*. *Id.*, at 170:22-24 and 172:17-21 (emphasis added).

- Pursuant to the Processing Agreement, NRF provided Foothills Ventures with approximately 4,415 pounds of industrial hemp (the "Hemp"). *Id.*, at 170:24-25 –171:1-2.

- Foothills Ventures, in turn, was obligated to extract CBD oil from the Hemp. *Id.*

- The resulting CBD oil, any products made using the CBD oil, and/or any profits derived from the CBD oil would be evenly split between NRF and Foothills Ventures. *Id.*, at 171:2.

- In October and November 2017, Foothills Ventures took possession of the Hemp and barrels belonging to NRF. *Id.* at 192:12-16.

- Foothills Ventures, however, failed to process the Hemp, failed to provide NRF with its portion of the CBD oil, failed to return the Hemp and the barrels, and failed to pay NRF for the value of the Hemp and the barrels. *Id.*, at 180:21-24 and 192:12-16.

The State Court thus expressly held there was a valid, enforceable processing agreement between NRF and Foothills Ventures—an agreement that the Debtor (and Mr. Alan Boyd) induced Mr. Desmond to enter based on misrepresentations as to, among other things, Foothills Ventures' present ability to process the Hemp. The Debtor's suggestion there was no agreement between NRF and Foothills Ventures fails.

**B.    The Elements of the Fraud Claims Decided in the State Court Action are Identical to the Elements under §523(a)(2)(A).**

A key element for the application of collateral estoppel is that the issues or claims to be precluded are identical to those decided in the prior proceeding. *Antelope Co. v. Mobil Rocky*

*Mountain, Inc.*, 51 P.3d 995, 1003 (Colo. App. 2001); *In re Lynch*, 315 B.R. 173, 176 (Bankr. D. Colo. 2004).

The State Court action alleged causes of action for misrepresentation, non-disclosure and concealment, and negligent misrepresentation. In Colorado, the elements of common law fraud are:

> (1) a false representation of a material existing fact; (2) knowledge on the part of the one making the representation that it is false; (3) ignorance on the part of the one to whom the representation is made of the falsity; (4) representation made with intention that it be acted upon; and (5) representation resulting in damage.

*Kinsey v. Preeson*, 746 P.2d 542, 550 (Colo. 1987). A plaintiff must separately prove actual, reasonable reliance. *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1160 (Colo. 2013).

The elements needed to prove a common law fraud claim in Colorado are the same as those needed to establish a claim under §523(a)(2)(A). *In re Hansen*, 131 B.R. 167, 170 (D. Colo. 1991), aff'd, 977 F.2d 595 (10th Cir. 1992); *In re Toney*, 2011 WL 2560249, *4 (Bankr. D. Colo. 2011). Thus, as with Colorado common law, §523(a)(2)(A) requires proving (1) the debtor made a false representation; (2) the debtor intended to deceive the creditor; (3) the creditor relied on the representation; (4) the creditor's reliance was justifiable; and (5) the debtor's representation caused the creditor to sustain a loss. *Grogan v. Garner*, 498 U.S. at 286-87; *Field v. Mans*, 516 U.S. 59, 74-75; *Fowler Bros. v. Young (In re Young)*, 91 F.3d at 1373.

The Debtor attempts to distinguish the elements of fraud under Colorado state law and §523(a)(2)(A) in two ways. First, the Debtor asserts collateral estoppel is not appropriate because §523(a)(2)(A) requires "justifiable" reliance, while Colorado law requires "reasonable" reliance. *Response*, pg. 8. This distinction, however, is insufficient to preclude the application of collateral estoppel. In *Field v. Mans*, the Supreme Court held a claim under §523(a)(2)(A) "requires justifiable, but not reasonable, reliance." 516 U.S. at 74–75. "Reasonableness,"

4

moreover, "exceeds the demand of justifiable reliance that we hold apply to §523(a)(2)(A)." Thus, after *Field,* the threshold to establish common law fraud is *higher* than the threshold to hold a debt is non-dischargeable under §523(a)(2)(A). In arguing the distinction between "justifiable" and "reasonable" precludes the application of collateral estoppel, the Debtor is effectively arguing the heightened standard of "reasonable reliance" found in Colorado common law does not satisfy the requirement of "justifiable reliance" for purposes of §523(a)(2)(A).

Such a position defies logic. Indeed, this Court held a reasonable reliance subsumes justifiable reliance. *In re Bloom*, 622 B.R. 366, 433 (Bankr. D. Colo. 2020) ("The Court has determined that Glencove reasonably relied on Mr. Bloom's False Representations. Since justifiable reliance is a lower standard than reasonable reliance, that should end the inquiry."). The distinction between "reasonable reliance" and "justifiable reliance" does not prohibit the application of collateral estoppel to the instant Proceeding.

Second, the Debtor argues §523(a)(2)(A) "prohibits the use of verbal statements regarding financial condition," while Colorado law "has no such limitation." *Response*, pg. 8. Building on this theme, the Debtor asserts the Debtor's (and Mr. Alan Boyd's) representations constituted "boasting or puffery...regarding an ability to perform," which were allegedly statements "about a 'financial condition.'" *Id.*, pg. 3. Similarly, the Debtor states the representations "had to deal with 'financial condition.' That is, an ability to perform." *Id.*, pg. 9. Such statements, the Debtor argues, are "inadmissible in the case at bar." *Id.*, pg. 10.

The Debtor's argument is not persuasive. Admittedly, where a statement is regarding a *debtor's* financial condition, non-dischargeability is governed by the "heightened" standards of 11 U.S.C. §523(a)(2)(B). *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1761 (2018). Here, however, the Debtor's misrepresentations were wholly unrelated to his *personal*

ability to perform the obligations of the processing agreement. Rather, the State Court found the Debtor misrepresented *Foothills Ventures'* ability to perform the terms of the processing agreement. *Ex. 2*, at 166:3:7 and 172:17-21 Thus, even if the Debtor's misrepresentations as to Foothills Ventures constitute statements as to financial condition, such statements related to Foothills Ventures financial condition—not the Debtor's. Accordingly, §523(a)(2)(B) is inapplicable to the case at bar.

Furthermore, statements as Foothills Ventures ability to perform are not statements respecting Foothills Ventures' or the Debtor's financial condition. A statement is "respecting" a debtor's financial condition where "it has a direct relation to or impact on the debtor's overall financial status." *Lamar, Archer & Cofrin, LLP*, 138 S. Ct. at 1761. The key is whether the statements relate to a debtor's solvency or ability to repay a debt:

> [A] creditor opposing discharge must explain why it viewed the debtor's false representation as relevant to the decision to extend money, property, services, or credit. If a given statement did not actually serve as evidence of ability to pay, the creditor's explanation will not suffice to bar discharge. But if the creditor proves materiality and reliance, it will be clear the statement was one 'respecting the debtor's financial condition.'"

*Id*. Whether Foothills Ventures had the present ability to satisfy its obligations under the processing agreement had no bearing on the Debtor's solvency or ability to repay a debt. As such, the Debtor's misrepresentations as to Foothills Ventures' extraction capabilities were not statements respecting the Debtor's or Foothills Ventures' financial condition.

Finally, the Response ignores the State Court's determination the Debtor defrauded NRF, and Mr. Desmond was not limited solely to the ability to perform. Rather, the State Court found three separate misrepresentations and/or omissions: 1) that Foothills Ventures had the present capacity to extract CBD oil from NRF's hemp; 2) that the Debtor and Mr. Alan Boyd failed to

6

disclose Mr. Alan Boyd's criminal record[3]; and 3) that the Debtor failed to disclose Foothills Ventures lacked a license to process hemp at the time NRF and Foothills Ventures entered the processing agreement. *Motion*, pg. 5, ¶¶15-17. Thus, even if statements as to the ability to perform are statements respecting the Debtor's financial condition (which is denied), there are still two separate fraudulent omissions on the part of the Debtor that support a finding of non-dischargeability under §523(a)(2)(A).

C. **The State Court Necessarily Found there was Justifiable Reliance.**

The Debtor asserts the Motion must be denied as the State Court did not discuss justifiable reliance:

> While these findings were, apparently, sufficient to find against [the Debtor] in state court, they fall short of the requirements of §523(a)(2)(A). Frankly, they fell short in the state court matter, as the issue of reliance is not addressed in Judge Hoffman's finding of fraud.

*Response*, pg. 10. The Debtor suggests "the state court found it unnecessary to find reliance in the limited context of the causes of action before it." *Id.*

The Debtor's arguments are without merit. With respect to HRC's fraud claims, the Court stated:

> Let me lump all the so-called fault/fraud claims together, four, five, and six. False representation, non-disclosures, and negligent misrepresentation. *These are common law versions of fraud with slightly different elements.* But for all the reasons I've already found in connection with the securities fraud, I find [HRC} has proved these common law fraud-type claims against Alan Boyd as to both buckets. *As to – and as against Christopher Boyd as to the hemp bucket.*

*Ex. 2* at 191:9 – 16 (emphasis added). Colorado requires proof of reasonable reliance in order to establish a claim for fraud. *Bristol Bay Prods., LLC*, 312 P.3d at 1160. A finding of reasonable

---

[3] The Debtor asserts the omission of Mr. Alan Boyd's criminal record is a disputed fact and a "question of relevance" *Response*, pg. 14. The State Court specifically ruled the omission of Mr. Alan Boyd's criminal past was relevant to HRC's claims in the State Court Action. *Ex. 2* at 190:15-25 – 191:1-16. The principals of issue preclusion prohibit the Debtor from re-litigating the relevancy of the omission.

reliance was therefore necessary in order for the State Court to find in favor of HRC on its claims for fraud, non-disclosure, and negligent misrepresentation against the Debtor.

The Judgment, furthermore, fixed the Debtor's liability to HRC. The sole issue in this Proceeding is not one of liability; but rather whether the debt is non-dischargeable. The Debtor's argument the State Court did not find reasonable or justifiable reliance on the part of Mr. Desmond goes to the issue of liability—not dischargeability, i*n re Tague*, 137 B.R. 495, 503 (Bankr. D. Colo. 1991). The Debtor's argument is, therefore, an impermissible collateral attack on the Judgment. *Id*.

Lastly, the Debtor appealed the Judgment to the Colorado Court of Appeals. *Motion*, pg. 8. The only issue on appeal was whether the State Court erred in holding the Debtor and Foothills Ventures liable to HRC based on the conclusion Mr. Alan Boyd was an agent of the Debtor and Foothills Ventures. *Id*. By limiting his appeal to issues concerning agency, the Debtor conceded the State Court found HRC satisfied all elements of common law fraud— including that Mr. Desmond reasonably relied on the Debtor's misrepresentations.

D. **The Equitable Doctrine of Champerty is Inapplicable.**

Searching desperately for additional defenses, the Debtor argues HRC's claims are barred under the ancient doctrine of champerty. *Response*, pgs. 12-13. Champerty is a type of agreement "under '*which a person who has no interest in the suit of another* undertakes to maintain or support it at his own expense in exchange for part of the litigated matter in the event of a successful conclusion of the cause.'" *In re Mt. Rushmore Hotel Corp*., 146 B.R. 33, 37 (Bankr. D. Kan. 1992) (quoting *McKellips v. Mackintosh*, 475 N.W. 2d 926, 928-929 (S.D. 1991)) (emphasis added). Champerty "does not apply to complete assignments or sales." *Id*., pg. 37.

8

The doctrine of champerty is not applicable for multiple reasons. First, Mr. Desmond and NRF fully and completely assigned their claims against the Debtor to HRC. Champerty is inapplicable to the complete assignments of claims. *Id*. Second, Mr. Desmond is the sole member and owner of HRC. As such, HRC is not a disinterested party "in the suit of another." Third, as noted above, the Judgment established the Debtor's liability to HRC. The Debtor's champerty defense goes to the issue of liability rather than dischargeability. *In re Tague*, 137 B.R. at 503. Like the Debtor's assertion there was no finding of justifiable reliance by the State Court, the Debtor's champerty defense represents an impermissible collateral attack on the Judgment. *Id*. Fourth, HRC filed Proof of Claim No. 2 in the Debtor's Bankruptcy Case. The Debtor did not object or otherwise dispute HRC was a creditor and/or the proper party-in-interest. The Debtor therefore waived any arguments HRC is the real party-in-interest in this Proceeding.

For these reasons, the Debtor's champerty defense fails.

### III. Conclusion

The Response fails to show there is a triable issue of fact or that HRC is not entitled to judgment as a matter of law based on the doctrine of collateral estoppel. The Motion should be granted.

WHEREFORE, Hemp Recovery Company, LLC requests the Court enter judgment as a matter of law that the Judgment in the amount of $337,306.85 with post-judgment interest accruing at 8% per annum is fully nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A); and to grant such other relief as the Court deems appropriate.

Dated: June 16, 2023.                    Respectfully submitted,
                                         Buechler Law Office, LLC

                                         /s/ *Michael C. Lamb*
                                         K. Jamie Buecher, #30906
                                         Michael C. Lamb, #33295
                                         999 18th Street, Suite 1230-S
                                         Denver, CO 80202
                                         Ph: (720) 381-0045
                                         Fax: (720) 381-0382
                                         Jamie@kjblawoffice.com
                                         mcl@kjblawoffice.com

10

## CERTIFICATE OF SERVICE

I certify that on June 16, 2023, a copy of the **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** on the following parties with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

**Via CM/ECF:**

Sean Cloyes
Stephen E. Berken

/s/ *Gabriel Quintero*
For Buechler Law Office, LLC